UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL V. HALL,<br>　　　　　Plaintiff,<br>　　v.<br>JEFF LYNCH,<br>　　　　　Defendant. | Case No. 21-cv-03352-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br>Re: Dkt. No. 2 |

Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also filed a motion to proceed *in forma pauperis* and consented to the jurisdiction of a Magistrate Judge. dkts. 2, 10.

## BACKGROUND

On June 25, 2012, petitioner was convicted of aggravated mayhem, corporal injury on a cohabitant, resisting a police officer and violating a protective order. *People v. Hall*, H038706, 2013 WL 6780572, at *1 (Cal. Ct. App. Dec. 23, 2013); dkt. 1 at 1. The California Court of Appeal affirmed the judgment. *Hall*, 2013 WL 6780572, at *1. The California Supreme Court denied review on March 19, 2014. *People v. Hall*, Case No. S215928. Petitioner filed several habeas petitions in state court that were denied. dkt. 1 at 2-3, 9.

## DISCUSSION

### STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. Notice pleading is not sufficient, the petition is expected to state facts that point to a real possibility of constitutional error. *See* Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner alleges that: (1) new evidence demonstrates a violation of due process and his actual innocence; and (2) trial counsel was ineffective. The petition is dismissed with leave to amend to address several deficiencies.

Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final in 2014, thus this petition is untimely by many years. Petitioner argues for a later start date due to the factual predicate of the claim not being discovered until later. The victim in this case, petitioner's girlfriend, drafted an affidavit on January 22, 2015, allegedly contradicting some of her testimony at trial and calling into question the investigation and conduct of the prosecutor. dkt. 1 at 16-19. Petitioner received the affidavit in 2015. *Id*. at 5. Even if petitioner were provided a new start date in 2015, this petition is still untimely.

Petitioner contends that he was unable to file a habeas petition with this new evidence of the affidavit due to being medicated by prison officials for mental health issues related to being innocent. dkt. 1 at 5, 7. Petitioner presented these same claims and arguments to the Santa Clara

2

County Superior Court in 2020, which denied his habeas petition in a reasoned opinion. *Id*. at 23-26. The court noted that despite his assertions that he was heavily medicated and unable to pursue relief for many years, he filed habeas petitions in 2015, October 25, 2018 and December 12, 2018. *Id*. at 23-24. Thus, petitioner was in possession of the affidavit and was able to challenge his conviction. Petitioner must address the timeliness in an amended petition.

The Santa Clara County Superior Court also noted that the information and arguments in the victim's affidavit were not new and the evidence at issue was presented at the preliminary hearing and trial. *Id*. at 25. Petitioner should address this as well.

## CONCLUSION

1. Leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

2. The petition is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended petition must be filed within **twenty-eight (28) days** of the date this order is served and must include the caption and civil case number used in this order and the words **AMENDED PETITION** on the first page. Failure to amend within the designated time will result in the dismissal of these claims.

3. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: July 13, 2021

ROBERT M. ILLMAN
United States Magistrate Judge