UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL V. HALL,<br><br>    Petitioner,<br><br>    v.<br><br>JEFF LYNCH,<br><br>    Respondent. | Case No. 21-cv-03352-RMI<br><br>**ORDER FOR RESPONDENT TO SHOW CAUSE** |

Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition was dismissed with leave to amend, and Petitioner has since filed an amended petition. (Dkt. 16).

## BACKGROUND

On June 25, 2012, Petitioner was convicted of aggravated mayhem, corporal injury on a cohabitant, resisting a police officer and violating a protective order. *People v. Hall*, H038706, 2013 WL 6780572, at *1 (Cal. Ct. App. Dec. 23, 2013). The California Court of Appeal affirmed the judgment. *See Hall*, 2013 WL 6780572, at *1. The California Supreme Court denied review on March 19, 2014. *See People v. Hall*, Case No. S215928. Petitioner filed several habeas petitions in state court that were denied. (Dkt. 16 at 3). He contends that he is entitled to a later start date of the statute of limitations due to discovering new evidence and equitable tolling due to mental illness. *Id*. at 1-3, 7. This issue may be explored further if Respondent files a motion to dismiss.

## DISCUSSION

**Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**Legal Claims**

As grounds for federal habeas relief, Petitioner alleges: (1) that new evidence demonstrates a violation of due process and his actual innocence; and (2) that his trial counsel was ineffective. Liberally construed, these claims are sufficient to require a response.

**CONCLUSION**

The Clerk of Court shall serve, by electronic mail, a copy of this order and a Magistrate Judge Jurisdiction consent form on the Attorney General of the State of California at **SFAWTParalegals@doj.ca.gov**. The Clerk also shall serve a copy of this order on Petitioner by regular mail. Respondent can view the Petition on the electronic docket (dkts. 1, 16).

Respondent shall file with the court and serve on Petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of *habeas corpus* should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the court and serving it on Respondent within twenty-eight (28) days of his receipt of the Answer.

Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.

If Respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within fourteen (14) days of receipt of any opposition.

Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: September 9, 2021

_____
ROBERT M. ILLMAN
United States Magistrate Judge

3